1 Vanessa R. Waldref
2 United States Attorney
Eastern District of Washington
3 Michael J. Ellis
4 Assistant United States Attorney
Post Office Box 1494
5 Spokane, WA 99210-1494
6 Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 0 9 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

7 UNITED STATES DISTRICT COURT
8 FOR THE EASTERN DISTRICT OF WASHINGTON

9 UNITED STATES OF AMERICA,          Case No.: 2:23-CR-00020-MKD

10          Plaintiff,          Plea Agreement

11

12          v.

13 SHAWN DRUMMOND,

14          Defendant.

15

16          Plaintiff United States of America, by and through Vanessa R. Waldref,

17 United States Attorney for the Eastern District of Washington, and Michael J. Ellis,

18 Assistant United States Attorney for the Eastern District of Washington, and

19 Defendant Shawn Drummond ("Defendant"), both individually and by and through

20 Defendant's counsel, Robert Seines, agree to the following Plea Agreement.

21          1.     Guilty Plea and Maximum Statutory Penalties

22          Defendant agrees to enter a plea of guilty to the Indictment filed on

23 February 22, 2023, which charges Defendant with Possession with Intent to

24 Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1),

25 (b)(1)(A)(vi), a Class A felony.

26          Defendant understands that the following potential penalties apply:

27          i.     a term of imprisonment of not less than ten years and up to life;

28

PLEA AGREEMENT - 1

ii.    a term of supervised release of not less than five years and up to life;

iii.    a fine of up to $10,000,000; and

iv.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties; and

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is

PLEA AGREEMENT - 3

knowingly and voluntarily waiving certain constitutional rights, including the following:

        a.     the right to a jury trial;

        b.     the right to see, hear and question the witnesses;

        c.     the right to remain silent at trial;

        d.     the right to testify at trial; and

        e.     the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.     Denial of Federal Benefits

Defendant understands that by entering this plea of guilty, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

7.     Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of

PLEA AGREEMENT - 4

21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about December 9, 2022, in the Eastern District of Washington, Defendant knowingly possessed a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (a/k/a "fentanyl");

    b. *Second*, Defendant possessed the mixture or substance containing a detectable amount of fentanyl with the intent to distribute it to another person; and

    c. *Third*, the mixture or substance containing a detectable amount of fentanyl Defendant possessed with intent to distribute weighed more than 400 grams.

8.   Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

Beginning in July 2022, detectives with the Columbia River Drug Task Force began receiving information that Defendant was a fentanyl distributor in the Wenatchee, Washington area. One source indicated that Defendant only dealt in "boats," *i.e.*, 1,000 fentanyl pills; a second source indicated that Defendant stored fentanyl pills on his property locked up outside his garage.

A search warrant was executed on Defendant's residence in Wenatchee, Washington on December 9, 2022. Defendant's residence is located within the

PLEA AGREEMENT - 5

Eastern District of Washington. Prior to the search warrant execution, detectives observed a man place two bags in the trunk of a Dodge Challenger registered to Defendant. The Challenger left the property and was stopped a short distance away. Defendant was identified as the driver. When searched pursuant to a separate search warrant, a safe was found in the Challenger's trunk which, when opened, contained a baggie of approximately 500 blue pills as well as $5,740 in U.S. Currency. The pills were later tested by the Washington State Patrol Crime Laboratory and found to contain fentanyl.

Defendant's residence was searched and a mailbox was found buried in the snow and surrounded by tires outside Defendant's garage. The mailbox was found to contain a duffle bag which, when opened, contained eight baggies which each held approximately 1,000 blue pills. Pills from each of the eight baggies were later tested by the Washington State Patrol Crime Laboratory and found to contain fentanyl.

Defendant's cellular device was seized from the Challenger and searched pursuant to a separate search warrant. The cellular device contained multiple images of hundreds of blue pills, with the blue pills counted utilizing a pill counter application.

By entering a guilty plea, Defendant admits that, in the Eastern District of Washington, Defendant possessed the approximately 8,500 fentanyl-laced blue pills seized from his Dodge Challenger and the mailbox partially buried by his garage. Defendant further admits that the 8,500 fentanyl-laced blue pills weighed more than 400 grams. Defendant further admits that Defendant intended to distribute the 8,500 fentanyl-laced blue pills to other persons in the Wenatchee, Washington area.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in

PLEA AGREEMENT - 6

its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level and Application of Relevant Conduct

The United States and Defendant stipulate and agree that Defendant's relevant conduct should be based on a total drug quantity of at least 1,000 kilograms but less than 3,000 kilograms of converted drug weight. The United States and Defendant therefore agree and stipulate that the applicable base offense level is thirty (30). U.S.S.G. §§ 2D1.1(a)(5), (c)(5); 1B1.3(a); 3D1.1(a)(1).[1]

b.    Specific Offense Characteristics

The United States and Defendant agree to recommend that no specific offense characteristics apply. *See generally* U.S.S.G. § 2D1.1(b).

c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

  i.    accepts this Plea Agreement;

  ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

---

[1] The United States and Defendant are jointly recommending the use of the drug conversion table per U.S.S.G. § 2D1.1 cmt. 8.

PLEA AGREEMENT - 7

iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv.    provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or if Defendant tests positive for any controlled substance.

d.  No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

e.  Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

11.   Incarceration

The United States and Defendant are free to recommend any term of incarceration the party deems appropriate.

//

//

PLEA AGREEMENT - 8

12. <u>Supervised Release</u>

The United States and Defendant agree to recommend that the Court impose a five (5) year term of supervised release. Defendant agrees that the Court's decision regarding the term and conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the term or conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

      a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control; and

      b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

13. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

//

//

//

PLEA AGREEMENT - 9

14.     Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15.     Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.     Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or tests positive for any controlled substance.

17.     Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack

PLEA AGREEMENT - 10

1  upon the conviction or sentence, including, but not limited to, writ of habeas

2  corpus proceedings brought pursuant to 28 U.S.C. § 2255.

3       18.   <u>Withdrawal or Vacatur of Defendant's Plea</u>

4       Should Defendant successfully move to withdraw from this Plea Agreement

5  or should Defendant's conviction be set aside, vacated, reversed, or dismissed

6  under any circumstance, then:

7          a.   this Plea Agreement shall become null and void;

8          b.   the United States may prosecute Defendant on all available

9             charges;

10         c.   The United States may reinstate any counts that have been

11            dismissed, have been superseded by the filing of another

12            charging instrument, or were not charged because of this Plea

13            Agreement; and

14         d.   the United States may file any new charges that would

15            otherwise be barred by this Plea Agreement.

16      The decision to pursue any or all of these options is solely in the discretion

17 of the United States Attorney's Office.

18      Defendant agrees to waive any objections, motions, and/or defenses

19 Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

20 charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

21 dismissed, including any claim that the United States has violated Double

22 Jeopardy.

23      Defendant agrees not to raise any objections based on the passage of time,

24 including but not limited to, alleged violations of any statutes of limitation or any

25 objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

26 Amendment.

27 //

28 //

PLEA AGREEMENT - 11

19.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    _____
Michael J. Ellis                                    Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained

//
//
//

PLEA AGREEMENT - 12

1  in this Plea Agreement. No one has threatened or forced me in any way to enter

2  into this Plea Agreement. I agree to plead guilty because I am guilty.

3

4  _____        10-9-24

5  Shawn Drummond                          Date

6  Defendant

7         I have read the Plea Agreement and have discussed the contents of the

8  agreement with my client. The Plea Agreement accurately and completely sets

9  forth the entirety of the agreement between the parties. I concur in my client's

10 decision to plead guilty as set forth in the Plea Agreement. There is no legal reason

11 why the Court should not accept Defendant's guilty plea.

12

13 _____        10-9-24

14 Robert Seines                           Date

15 Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 13